IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Malcom O'Neil Thomas, | ) | Case No. 2:24-cv-01736-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Janson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").  On June 9, 2025, Respondent filed a motion to dismiss.  ECF No. 45.  On June 10, 2025, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately.  ECF No. 46.  Petitioner did not file a response to the motion.[1]  On August 8, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed for failure to prosecute pursuant to

---

[1] The *Roseboro* order was returned as undeliverable.  ECF No. 53.  Petitioner was warned that it is his responsibility to keep the Court apprised of his current address. ECF No. 5.

1

Federal Rule of Civil Procedure 41(b).  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Petitioner has not filed objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Upon review of the Report, the record, and the applicable law, the Court finds no clear error and adopts the recommendation of the Magistrate Judge.  This action is

**DISMISSED** for failure to prosecute and comply with an order of the court pursuant to Federal Rule of Civil Procedure 41(b).[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 9, 2025
Spartanburg, South Carolina

---

[2] The motion to dismiss [45] is **FOUND as MOOT**.